ALEX F. REID, JR., RESPONDENT, v. NORTH PARK AND DODD TRUST COMPANY, APPELLANT.

Argued October 28, 1932—Decided January 31, 1933.

For the appellant, *Arthur T. Vanderbilt, Jr.*

For the respondent, *Alex F. Reid, Jr.*

The opinion of the court was delivered by

LLOYD, J. The action in this cause was to recover for services which the plaintiff, Reid, claimed to have rendered to the defendant, trust company, the major portion of which services were rendered before the bank's incorporation.

The case was referred to a referee by the judge of the Circuit Court, both plaintiff and defendant dissenting and reserving the right to a trial by jury. The referee proceeded to take the proofs of the parties and reported a finding in favor of the plaintiff in the sum of $2,900. Exceptions were filed by the defendant to the report, but never pressed by counsel nor passed upon by the court. The case then came on for trial under the reservation and resulted in a verdict and judgment for the plaintiff. Defendant appeals and urges a number of grounds for reversal which will be dealt with in so far as they present any legal questions for our consideration, as presented in the appellant's brief.

The first of these is that the trial court erred in a series of rulings covering the admission of evidence tending to prove the services rendered by the plaintiff in organizing and procuring the incorporation of the trust company. The evidence was objected to as not binding on the defendant and was received by the court upon the assurance of plaintiff's counsel that ratification by the defendant would be proved later, and the real question presented on this phase of the case is whether such ratification was ultimately shown.

The evidence to show ratification consisted of proof of the appointment, after the issuance of the certificate to do business, of a committee consisting of three of the incorporators, of which the plaintiff was one, with "power to represent the institution in all matters looking toward the ultimate organization of the same," and putting it on a business basis. In pursuance of this appointment much work was done by this committee, the burden falling principally upon the plaintiff who acted as its chairman. Finally a resolution was adopted

by the stockholders to the effect that "the minutes of all the meetings of the incorporators, stockholders and directors of said institution were approved as received, and the acts of said incorporators, stockholders, directors and various committees were unanimously approved, ratified and confirmed."

It is difficult to read this action of the stockholders as other than a ratification, not only of the actions of the board of directors and officers of the institution after its incorporation, but also of the acts of the incorporators anterior thereto. Some of these acts undoubtedly consisted of procuring the services of the plaintiff looking to the formation of the trust company. The evidence of these services were therefore properly received.

It is next said that the court erred in refusing to charge defendant's requests that plaintiff could not recover for services rendered by him as president or director of the company. These requests were presented and not specifically responded to but the jury was instructed that no claim was made by the plaintiff for such services and this effectually withdrew all compensation based thereon from the consideration of that body.

Finally it is said that the learned judge erred in charging the jury that the plaintiff "sets up in detail the services which he performed and what he says is the reasonable value of those services, $7,500."

The criticism is that there was no testimony of the plaintiff as to the value of the services rendered, and, therefore, that there was nothing on which to base the instructions. We think it is apparent that the criticism misconceives the purpose and meaning of what the judge said. He was not dealing with specific evidence, but with the plaintiff's contention based on the evidence and presumably such contention was made in the argument to the jury.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.